Richard Sloan, Plaintiff in Error, v. James A. Wilkerson et al., Defendants in Error.

Kansas City Court of Appeals, April 19, 1886.

Case Adjudged.—Upon examination of the record in this case, and upon consideration of the points made for plaintiff in error, this court is unable to see any error committed by the trial court.

Error to Johnson Circuit Court, Hon. Noah M. Givan, Judge.

*Affirmed.*

This was a suit in equity. The petition stated, in substance, that plaintiff was the owner of certain lands (therein described) in Johnson county, Missouri, and on the twenty-second day of September, 1879, leased it to defendants for a term of years, commencing on March 1, 1877, and ending March 1, 1885, in consideration of certain covenants contained in said lease. That among the said covenants and agreements were these: To furnish materials and build a good dwelling house on the land; to plant or set out a good, substantial hedge fence around the land; to set out an orchard of trees, and to pay all taxes against said land. That immediately after the execution of the lease, plaintiff delivered possession of the land to defendants, and they have held and kept it ever since, and are now in possession of said premises.

The petition avers failure of defendants to keep said covenants, and assigns as breaches these: Failure to build the house; or to plant the hedge fence; or to set out the orchard; or to pay the taxes; and prays for an order that defendants specifically perform their covenants, and enter into security therefor, and in default of security, to deliver possession of the premises to plaintiff, or

that compensation for non-performance be ascertained by the court and decreed to be a lien on the unexpired term of the lease.

To this petition defendants demurred, and to the assignment of breaches, upon numerous grounds, specifically set out, among others, that the petition does not state facts sufficient to constitute a cause of action, and that the plaintiff has an adequate remedy at law.

The court sustained the demurrer, and plaintiff refusing to plead over, the court dismissed the cause and rendered judgment for defendants; to which plaintiff excepted at the time; and within due time filed a motion for a new trial, which motion the court overruled; to which plaintiff also excepted at the time, and within due time prosecuted his writ of error to this court.

S. P. SPARKS, for the plaintiff in error.

I. The acts for which specific performance was sought, were certain in their essential features. In such cases equity will decree performance. 1 Story Eq. Jur., sects. 727, 729; 3 Pom. Eq. Jur., sects. 1402, 1405; Fry on Spec. Perf., sect. ——; Mastin v. Halley, 61 Mo. 196.

II. The consideration of the lease was the performance of the acts in controversy. In such cases equity will compel specific performance of covenant to build. 3 Pom. Eq. Jur., and cases cited in note, p. 445.

III. The contract of lease was fully performed on the part of plaintiff, and equity will not allow defendants to continue the enjoyment of possession without performing their agreements. 3 Pom. Eq. Jur., supra.

IV. It is settled that a court will assume jurisdiction of this class of cases when two circumstances coexist. (1) where the work to be done is defined, and, (2) where the plaintiff has a material interest in its execution, which cannot be adequately compensated in damages. The case presented by this record fulfils both conditions. Fry on Spec. Perf., sect. 52;

.3 Parsons on Cont. (Ed. 1866) 371, 372, and note. *Besides,* defendants were insolvent.

V.    Even if the court might refuse to decree specific performance of the covenant to build, it ought to have assessed the damages by reason of non-performance, and decreed it to be a lien against the demised premises, on account of the insolvency of defendants ; for without a specific performance of the covenants, or some specific relief against the property, plaintiff was remediless. *Fox v. Hubbard,* 79 Mo. 390 ; 2 Story Eq. Jur., sects. 794, 799 ; Fry on Spec. Perf., sects. 791, 795.

No brief on file for defendants in error.

HALL, J.—Upon examination of the record in this case, and upon consideration of the points made by the counsel for the plaintiff in error in his brief, we have been unable to see any error committed by the trial court.

Judgment affirmed.    Ellison, J., concurs ; Philips, P. J., not sitting, having been of counsel in the case.